IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMAD SAFDAR SHEIKH,<br><br>    Plaintiff,<br><br>  v.<br><br>ALBERTO GONZALES, Attorney General of the United States,<br><br>    Defendant.<br>_____/ | No. C 03-05604 JSW<br><br>**ORDER RE CROSS-MOTIONS FOR SUMMARY JUDGMENT** |

Now before the Court is the motion for summary judgment filed by Defendant Alberto Gonzales, Attorney General of the United States ("Defendant") and the cross-motion for summary judgment filed by Plaintiff Mohamad Safdar Sheikh ("Sheikh"). Both parties move for summary judgment on Sheikh's claim that the immigration court improperly rescinded Sheikh's legal status. In opposing Sheikh's motion, Defendant asserted a concern that the Court does not have jurisdiction to hear this matter. Therefore, the Court will evaluate the threshold issue of whether jurisdiction exists.

**A.**   **No Jurisdiction Exists As Currently Plead**

Sheikh argues that this Court has jurisdiction pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 *et. seq.* ("APA"), which provides courts with jurisdiction to review "final agency action for which there is no other adequate remedy in court." 5 U.S.C. § 704. The government has initiated removal proceedings against Sheikh, and the immigration court held a hearing on these proceedings on September 15, 2005. Neither party disputes that the Ninth

1  Circuit will be able to review the rescission order upon its eventual review of a removal order.
2  *See Baria v. Reno*, 94 F.3d 1335, 1338 (9th Cir. 1996) (holding that where a petitioner faces
3  deportation based on an underlying order rescinding the petitioner's legal status "[t]he
4  interdependency of the two orders requires that the [court's] power of review extend to the order
5  rescinding an adjustment of status.") (internal quotations and citation omitted).  Thus, the key
6  issue is whether the delay pending the Ninth Circuit's eventual review means there is "no other
7  adequate remedy in court" pursuant to Section 704.

8  Federal courts are presumptively without jurisdiction over civil cases, and the burden of
9  establishing the contrary rests upon the party asserting jurisdiction.  *Kokkonen v. Guardian Life*
10 *Insurance Co. of America*, 511 U.S. 375, 377 (1994).  Sheikh has not provided any authority
11 that supports interpreting the phrase "there is no other adequate remedy in court" to mean a
12 mere delay in judicial review.  To the contrary, courts that have construed this phrase have been
13 concerned with whether there is *a court* that has the authority and ability to provide complete
14 relief.  *See, e.g. Bowen v. Massachusetts*, 487 U.S. 879, 901 (1988) (holding district court had
15 jurisdiction pursuant to § 704 because "the doubtful and limited relief available in the Claims
16 Court is not an adequate substitute for review."); *Tucson Airport Auth. v. General Dynamics*
17 *Corp.*, 136 F.3d 641, 645 (9th Cir. 1998) (finding there was not an "adequate remedy" in Claims
18 Court because that court was not authorized to provide equitable relief sought by plaintiff); *cf*
19 *Sterling v. United States*, 749 F.Supp. 1202, 1207-08 (E.D.N.Y. 1990) ("The APA precludes
20 judicial review of a final agency action under its provisions if there is another court available
21 which provides an adequate remedy to redress the alleged grievance.").

22 The Court is sympathetic to Sheikh's contention that a delay may extend his alleged loss
23 of liberty.  However, the Court concludes that Sheikh has not demonstrated that there is "no
24 other adequate remedy in court" where, as here, a court will be able to adjudicate his claim and
25 has the authority to provide the type of relief sought by the him.  Accordingly, the Court
26 dismisses the complaint for lack of jurisdiction.

27
28

**B.    Request for Leave to Amend**

Alternatively, Sheikh argues that the Court has jurisdiction to adjudicate this matter under 28 U.S.C. § 2241 as a habeas petition. Although Sheikh's complaint does not currently state a claim for habeas relief, he seeks leave to do so. To bring a petition for writ of habeas corpus, the a plaintiff must be "in custody." *Miranda v. Reno*, 238 F.3d 1156, 1158 (9th Cir. 2001); *see also* 28 U.S.C. § 2241(c)(3) ("[t]he writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States."). "[T]he 'in custody' requirement is jurisdictional." *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998).

Here, although Sheikh is not currently in detention, he was arrested and then released on bail. The parties dispute whether being released on bail is sufficient restraint to constitute being "in custody." "Habeas corpus jurisdiction has been extended beyond that which the most literal reading of the statute might require ... to individuals who, though not subject to immediate physical imprisonment, are subject to restraints not shared by the public generally that significantly confine and restrain their freedom." *Miranda*, 238 F.3d at 1158-59 (citing *Jones v. Cunningham*, 371 U.S. 236, 240, 243 (1963), and *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973)). In *Jones*, the Supreme Court held that a paroled convict was "in custody" for purposes of a habeas petition. *Jones*, 371 U.S. at 243. In *Hensley*, the Supreme Court held a person released on his own recognizance was "in custody." *Hensley*, 411 U.S. at 351.

At the hearing on the parties' cross motions for summary judgment, Defendant argued without any supporting authority that the holdings of *Jones* and *Hensley*, which were both criminal habeas cases, should not be extended to immigration habeas cases. However, the Ninth Circuit has already rejected Defendant's argument. *See Williams v. INS*, 795 F.2d 738, 744 n.3 (9th Cir. 1986) (concluding that Supreme Court's expansion of "custody" in the criminal context applies to habeas petitions in the immigration context); *see also United States ex rel. Marcello v. District Director*, 634 F.2d 964, 969 n.8 (5th Cir. 1981) (noting that immigration petitioner released on bail or personal recognizance after the commencement of actual, physical custody would still be "in custody" for purposes of habeas proceedings) (cited with approval in

3

*Williams*, 795 F.2d at 744); *Arias v. Rogers*, 676 F.2d 1139, 1142 (7th Cir. 1982) (holding that petitioners out on bond by INS were still "in custody" for purposes of habeas corpus). Accordingly, the Court concludes that because Sheikh was released on bond, he is "in custody" for purposes of habeas corpus and thus, grants Sheikh leave to amend his complaint to seek habeas relief.

**IT IS SO ORDERED.**

Dated: September 19, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE