United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MOHAMAD SAFDAR SHEIKH,

    Petitioner,

v.

MICHAEL CHERTOFF, et al.,

    Respondents.
_____/

No. C 03-05604 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON FEBRUARY 17, 2006:

    The Court **tentatively RESERVES RULING** on Petitioner Mohamad Safdar Sheikh ("Sheikh")'s petition for writ of habeas corpus. The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* Civ. L.R. 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

Each party will have twenty minutes to address the following questions:

(1) "Habeas corpus jurisdiction has been extended beyond that which the most literal reading of the statute might require ... to individuals who, though not subject to immediate physical imprisonment, are subject to restraints not shared by the public generally that significantly confine and restrain their freedom." *Miranda v. Reno*, 238 F.3d 1156, 1158-59 (9th Cir. 2001) (citing *Jones v. Cunningham*, 371 U.S. 236, 240, 243 (1963), and *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973)). In the order granting Sheikh leave to file a habeas petition, the Court concluded that Sheikh is "in custody" for purposes of granting this Court jurisdiction pursuant to 28 U.S.C. § 2241 because he was arrested and then released on bail. Respondents argue that when a petitioner is not physically detained, for immigration habeas petitions the "in custody" concept is limited to petitioners who are subject to final orders of removal. In the cases cited by Respondents, the petitioners were all subject to final orders of removal, and thus, the issue of whether a final order of removal is a necessary condition to the "in custody" determination was not before the courts. On what authority do Petitioners rely to demonstrate that a final order of removal is a threshold requirement to demonstrating the "in custody" requirement for petitioners that are not being physically detained?

(2) How do Respondents respond to Sheikh's argument that exhaustion is not required under *Waziri v. United State Immigration and Naturalization Service*, 392 F.2d 55 (9th Cir. 1968) and *Baria v. Reno*, 94 F.3d 1335 (9th Cir. 1996)?

(3) If the immigration judge grants Sheikh's application for cancellation of removal, would the government appeal?

(4) If Sheikh's application for cancellation of removal is granted and the government does not appeal, Sheikh's residence in the United States between 1988 and 2006 would not be considered towards establishing his five years necessary to apply for naturalization. What court, if any, would be able to review the rescission order at that time and under what procedural posture?

1  (5)   Do the parties have anything further to add?

**IT IS SO ORDERED.**

Dated: February 16, 2006

*Jeffrey S. White*
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE