IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMAD SAFDAR SHEIKH,<br><br>    Petitioner,<br><br>  v.<br><br>MICHAEL CHERTOFF, Secretary,<br>Department of Homeland Security, et al.<br><br>    Respondents.<br>_____/ | No. C 03-05604 JSW<br><br>**ORDER DISMISSING PETITION<br>FOR WRIT OF HABEAS CORPUS** |

Now before the Court is the petition for writ of habeas corpus filed by Petitioner Mohamad Safdar Sheikh ("Sheikh"). Having carefully considered the parties' arguments, the relevant legal authority, and having had the benefit of oral argument, the Court hereby DISMISSES the petition without prejudice.

**BACKGROUND**

Sheikh is challenging the decision by the Board of Immigration Appeals ("BIA") to affirm an Immigration Judge's order rescinding his lawful permanent resident status. Sheikh initially filed a complaint in federal court to reverse the rescission order and argued that this Court had jurisdiction pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 *et. seq.* ("APA"), which provides courts with jurisdiction to review "final agency action for which there is no other adequate remedy in court." 5 U.S.C. § 704. At that time, neither party disputed that the Ninth Circuit would be able to review the rescission order upon its eventual review of a removal order. Thus, the issue before the Court was whether the delay pending the

1  Ninth Circuit's eventual review meant there was "no other adequate remedy in court."  The
2  Court concluded that Sheikh had not demonstrated there was no adequate remedy because the
3  Ninth Circuit would be able to adjudicate his claim and it had the authority to provide the type
4  of relief sought by the him.  The Court therefore dismissed Sheikh's complaint for lack of
5  jurisdiction but granted him leave to file a petition for writ of habeas corpus.  Sheikh filed a
6  petition for writ of habeas corpus on November 17, 2005, and the parties have briefed the issues
7  raised by his petition.

## ANALYSIS

To bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, a plaintiff must be "in custody." *Miranda v. Reno*, 238 F.3d 1156, 1158 (9th Cir. 2001); *see also* 28 U.S.C. § 2241(c)(3) ("[t]he writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States.").  "[T]he 'in custody' requirement is jurisdictional." *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998).  "Habeas corpus jurisdiction has been extended beyond that which the most literal reading of the statute might require ... to individuals who, though not subject to immediate physical imprisonment, are subject to restraints not shared by the public generally that significantly confine and restrain their freedom." *Miranda*, 238 F.3d at 1158-59 (citing *Jones v. Cunningham*, 371 U.S. 236, 240, 243 (1963), and *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973)).  In *Jones*, the Supreme Court held that a paroled convict was "in custody" for purposes of a habeas petition. *Jones*, 371 U.S. at 243.  In *Hensley*, the Supreme Court held a person released on his own recognizance was "in custody." *Hensley*, 411 U.S. at 351.

In *Williams v. INS*, 795 F.2d 738, 744 n.3 (9th Cir. 1986), the Ninth Circuit made clear that the Supreme Court's expansion of "custody" in the criminal context applies to habeas petitions in the immigration context.  The parties do not dispute this point.  What is in dispute is whether Sheikh, who was arrested and released on bail, may be considered "in custody," when he is not yet subject to a final order of removal.  While the Ninth Circuit has held that petitioners who were not in physical custody but who were subject to final orders of removal were "in custody" for habeas purposes, that court has not held explicitly that a final order of

removal is a necessary condition to the "in custody" determination. *See Nakaranurack v. United States*, 68 F.3d 290, 293 (9th Cir. 1995); *see also Williams*, 795 F.2d at 740-41. However, because the Ninth Circuit only has found the "in custody" requirement satisfied when a petitioner has been subject to a final order of removal, Respondents argue that an order determining that Sheikh is "in custody" would be an unwarranted extension of the law. Based on the reasoning in *Miranda*, in which the Court held that individuals who are not physically imprisoned but who are subject to restraints, not shared by the public generally, that significantly confine and restrain their freedom, are considered "in custody," *see Miranda*, 238 F.3d at 1158-59, there is no justification for finding that Sheikh is not "in custody" for purposes of habeas jurisdiction. Nevertheless, the Court finds that Sheikh's petition should be dismissed for another reason - Sheikh's failure to exhaust.

As a prudential matter, the Ninth Circuit requires habeas petitioners to "exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001). In this case, the Ninth Circuit will be able to review the rescission order if and when: (1) a removal is entered against Sheikh, and (2) he appeals the removal order. *See Baria v. Reno*, 94 F.3d 1335, 1338 (9th Cir. 1996) (holding that where a petitioner faces deportation based on an underlying order rescinding the petitioner's legal status "[t]he interdependency of the two orders requires that the [court's] power of review extend to the order rescinding an adjustment of status.") (internal quotations and citation omitted).

When the Court ruled on the parties' cross-motions for summary judgment on Sheikh's complaint under the APA, Sheikh did not dispute that the Ninth Circuit would eventually be able to review the rescission order. However, Sheikh has filed an application for cancellation of removal. If his application is granted, and the government does not appeal that ruling, the Ninth Circuit will not be able to review the orders relating to the removal proceedings and the underlying rescission order. Although Sheikh would receive legal status if his application for cancellation is granted, he would suffer adverse consequences because the time from which he is considered a legal resident will begin running from the grant of his application rather tha the

3

initial grant of his legal status in 1988. Sheikh argues that he would have to wait an additional five years to apply for naturalization, and he could not file a petition on behalf of his adult son living in England until he is naturalized. However, if Sheikh's application for removal is granted and not appealed, precluding the Ninth Circuit from reviewing the rescission order, Sheikh would then be able to demonstrate jurisdiction in this Court based on Section 704 of the APA. At that point, there would be a "final agency action for which there is no other adequate remedy in court." 5 U.S.C. § 704.[1] Unfortunately, it is not yet clear whether the Ninth Circuit will or will not be able to review the rescission order. In the event that the Ninth Circuit does review the rescission order, this Court should refrain from adjudicating the merits of Sheikh's habeas petition because Sheikh has not yet exhausted his judicial remedies. Under these circumstances, the Court finds that the habeas petition should be dismissed for failure to exhaust. If, Shiekh's application for cancellation is granted and the government does not appeal, Sheikh may file an amended complaint at that time pursuant to the APA.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES the habeas petition. This ruling is without prejudice to Sheikh filing an amended complaint under the APA if his application for cancellation is granted and the government declines to appeal.

**IT IS SO ORDERED.**

Dated: February 23, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] In response to a question from the Court at the hearing on Sheikh's petition, Respondents represented that this Court would have jurisdiction under the APA to review the rescission order if his application for cancellation of removal is granted and the government does not appeal.