1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   MOHAMAD SAFDAR SHEIKH,
                                                No. C 03-05604 JSW
10               Petitioner,

11        v.

12   MICHAEL CHERTOFF, Secretary,            **ORDER ON CROSS-MOTIONS**
    Department of Homeland Security, et al.   **FOR SUMMARY JUDGMENT**
13
                 Respondents.
14   _____/

15

16        Now before the Court is the motion for summary judgment filed by defendant Michael

17   Mukasey, Attorney General of the United States and Michael Chertoff, Secretary of the

18   Department of Homeland Security ("Defendants") and the cross-motion for summary judgment

19   filed by Plaintiff Mohamad Safdar Sheikh ("Sheikh").  Having carefully reviewed the parties'

20   papers, considered their arguments and the relevant legal authority, and good cause appearing,

21   the Court hereby GRANTS Defendants' motion for summary judgment and DENIES Sheikh's

22   cross-motion for summary judgment.

23                              **BACKGROUND**

24        Both parties are moving for summary judgment on Sheikh's claim challenging the

25   decision by the Board of Immigration Appeals ("BIA") to affirm an Immigration Judge's order

26   rescinding his lawful permanent resident status.  Sheikh brings his claim pursuant to the

27   Administrative Procedure Act, 5 U.S.C. § 701 *et. seq.* ("APA").  As the parties are familiar with

28

**United States District Court**
For the Northern District of California

the facts and procedural history of this case, there is no need to recite them here, except where useful in reaching the disposition.

**ANALYSIS**

**A.     Legal Standards Applicable to Motions for Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.  An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  A fact is "material" if it may affect the outcome of the case. *Id.* at 248.  If the party moving for summary judgment does not have the ultimate burden of persuasion at trial, that party must produce evidence that negates an essential element of the non-moving party's claims, or that party must show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party meets his or her initial burden, the non-moving party must go beyond the pleadings and, by its own evidence, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275,

**United States District Court**
For the Northern District of California

2

United States District Court

For the Northern District of California

1279 (9th Cir. 1996).  In addition, the party seeking to establish a genuine issue of material fact must be sure to point a court to the evidence precluding summary judgment because a court is "'not required to comb the record to find some reason to deny a motion for summary judgment.'"  *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quoting *Forsberg v. Pacific Northwest Bell Telephone Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)).  If the non-moving party fails to point to evidence precluding summary judgment, the moving party is entitled to judgment as a matter of law.  *Celotex*, 477 U.S. at 323.

**B.      The Parties' Cross-Motions for Summary Judgment.**

Sheikh moves for summary judgment on the grounds that: (1) the BIA erred by shifting the burden of coming forward with evidence; (2) the BIA erred in admitting the Nikah Nama because it was not authenticated; and (3) the unauthenticated Nikah Nama was insufficient to sustain the government's burden.  Defendants counter that the BIA did not shift the burden of proof and that the Nikah Nama was authenticated.

**1.      Burden of Proof.**

Sheikh argues that the BIA erred by shifting the burden to him to prove that the Islamic ceremony performed between him and Khalida Perveen on April 27, 1973, did not create a valid marriage under Pakistani law.  On December 22, 1994, the BIA held that the determination of whether Sheikh and Ms. Perveen had been legally married was a question of law and that the Immigration Judge had erred in finding that it did not need to determine whether the couple's Islamic marriage was legally recognized under Pakistani law.  (Administrative Record ("A.R.") at 3.)  The BIA explained that "a religious marriage, not performed in accordance with civil formalities, does not result in a valid marriage despite any intent on the part of the couple that it be a valid marriage."  (*Id.*)  The BIA provided the Immigration Judge with the following guidance on remand:

> Since it is [Sheikh] who, in rebuttal, has challenged the validity of the marriage, he should be prepared on remand to come forward with evidence necessary to support his claim.  Such evidence may include, for example, Pakistani statutory and/or case law addressing the legal validity of Islamic ceremonies, testimony from experts in Pakistani law from the Library of Congress or from other reputable institutions, or written statements from such experts or scholarly articles discussing the legal recognition of Islamic marriage ceremonies in Pakistan.

**United States District Court**
For the Northern District of California

(A.R. at 4.)  On remand, the Immigration Judge made clear that the burden ultimately rested with the Government to establish, by clear, convincing, and unequivocal evidence that Sheikh's adjustment of status should be rescinded:

> [T]he burden of proof in a rescission proceeding remains ultimately with the Government to establish by clear and convincing and unequivocal evidence that the adjustment of status should be adjusted.  But, under certain circumstances, as in this case, it is incumbent upon the respondent to go forward with the evidence, to rebut the evidence presented by the Government that there was in fact a legally valid marriage according to Pakistani law.

(A.R. 35.)

The Immigration Judge stated that there was at least *prima facie* evidence that the Muslim marriage between Sheikh and Ms. Perveen complied with the Pakistani code and then concluded that the Government met its burden of demonstrating the marriage was legally valid "by clear, convincing and unequivocal evidence."  (A.R. at 37.)   It is clear from the context of the Immigration Judge's order that by "*prima facie*," he was simply referring to the Government's opening case.  Sheikh failed to present any evidence to rebut or contradict the Government's evidence.  On review, the BIA noted that the Nikah Nama "clearly indicates that the marriage was registered on April 27, 1973, and that a fee of 12 rupees was paid for such registry."  (A.R. at 10.)  The BIA further noted that in the record there was:

> a telegram from the American Consulate in Karachi, dated August 20, 1990, stating, 'You should be aware that in Pakistan the Nikah Nama is proof of marriage.  Nikah Namas are not/not drawn up or signed for engagements; they are the exclusive documentation for the status of marriage.'  Thus, the mere fact of the document's existence points not only to the fact of the marriage ceremony, but also to the validity of the marriage itself under Pakistani law.  The respondent does not contend, for example, that the document does not, in fact, pertain to his own marriage ceremony.

(A.R. at 10.)  Based on such evidence the BIA affirmed the Immigration Judge's determination that the Government had met its burden to prove the validity of Sheikh's legal marriage to Ms. Perveen by clear, convincing, and unequivocal evidence.  (*Id.*)  It is clear from this record that the burden was not wrongfully shifted to Sheikh.  The Court therefore denies Sheikh's motion on this ground.

**2.      Admission of the Nikah Nama.**

The parties dispute whether the Immigration Judge properly considered the copy of the Nikah Nama as proof that the marriage between Sheikh and Ms. Perveen in Pakistan in 1973 was legally valid under Pakistan law.  The parties also dispute what standard of review the Court should apply.  The parties do agree on the substance of the relevant Pakistan law.  Sheihk's marriage to Ms. Perveen would have been valid under Pakistan law only if a Nikah Nama had been registered.  However, the parties dispute whether the Immigration Judge properly determined that the Nikah Nama had been registered based on the copy presented by the government.

Pursuant to the APA, the Court may only overturn the BIA's affirmation of the Immigration Judge's determination if it was "arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  The decision to admit or exclude a document from evidence based on authentication is reviewed for abuse of discretion.  *Vatyan v. Mukasey*, 508 F.3d 1179, 1182 (9th Cir. 2007).  However, if the decision to admit or reject a document is based on a purely legal ground, the determination is reviewed de novo.  *Id.*

"Authentication serves to establish a chain of custody for government records."  *Espinoza v. INS*, 45 F.3d 308, 309 (9th Cir. 1995).  Although authentication was required, the Ninth Circuit has not "set forth all of the approved methods for authenticating writings in deportation hearings."  *Iran v. INS*, 656 F.3d 469, 472 (9th Cir. 1981).  The method used "must, at a minimum, satisfy due process."  *Id.*  In *Iran*, the court held that the INS improperly admitted a form where there was no evidence from which the immigration judge could infer that the form was a true document.  *Id.* at 473.

In contrast to *Iran*, here, there was evidence in the record from which the Immigration Judge could infer that the Nikah Nama was a true document.  The record indicates that the photocopy of the Nikah Nama came to the INS from the visa branch of the American Embassy in Great Britain, which, in turn, copied the document from an original presented to it by Ms. Perveen.  (A.R. 145-48, 508-10.)  In the record, there was a telegram from the American Consulate in Karachi, dated August 20, 1990, stating, "You should be aware that in Pakistan the

United States District Court
For the Northern District of California

5

1   Nikah Nama is proof of marriage. Nikah Namas are not/not drawn up or signed for

2   engagements; they are the exclusive documentation for the status of marriage." (A.R. at 10.)

3        Sheikh does not contest that he participated in a marriage ceremony in Pakistan in April

4   1973. He also recognized his signature on the copy of the Nikah Nama. (A.R. at 339.) Sheikh

5   did not present any evidence indicating that the Nikah Nama was fraudulent. Nor did he

6   contend that the document did not pertain to his own marriage ceremony.

7        Sheikh relies heavily on the following excerpt from the State Department Foreign

8   Affairs Manual on Documents and Records from Pakistan: "Because of frequent marriage

9   fraud, many foreign embassies require wedding photographs in addition to the nikah nama or

10  other certificates as proof of marriage." (A.R. at 214.) However, this general statement does

11  not demonstrate that the Nikah Nama in this case was fraudulent. Moreover, in the record, there

12  is additional evidence of the marriage, such as wedding photographs, as suggested by the State

13  Department's manual. Finally, the Court finds it significant that the Ms. Perveen's Pakistani

14  passport identified her as Sheikh's wife. (A.R. at 133.) Based on such evidence, the Court

15  finds the the BIA's affirmation of the Immigration Judge's admission of the Nikah Nama was

16  not "arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law." 5

17  U.S.C. § 706(2)(A).[1] The Court therefore denies Shiekh's motion on this ground and grants

18  Defendants' motion for summary judgment.

19                                    **CONCLUSION**

20        For the foregoing reasons, the Court GRANTS Defendants' motion for summary

21  judgment and DENIES Sheik's cross-motion for summary judgment.

22        **IT IS SO ORDERED.**

23

24

25

26

27        [1] Because the Court finds that there was evidence in the record from which the
    immigration judge could infer that the Nikah Nama was a true document, and thus was
28  properly authenticated, the Court similarly rejects Sheikh's third argument, that the
    unauthenticated Nikah Nama was insufficient to sustain the government's burden.

1

2    Dated: June 30, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

7